IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Georgina Gomes, individually and on behalf of themselves and all other similarly situated persons, known and unknown, | )<br>)<br>) |
| Plaintiffs. | ) |
| v. | )<br>) |
| Mielle Organics LLC and The Procter & Gamble Company, | )<br>) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

**Now comes** Plaintiff Georgina Gomes ("Plaintiff") individually and on behalf of themselves and all other similarly situated persons, known and unknown, by her attorneys, and in complaining of the Defendants Mielle Organics LLC ("Mielle") and The Procter & Gamble Company ("P&G") (collectively, "Defendants"), states as follows:

### NATURE OF THE ACTION

1. This is a class action lawsuit regarding Defendants' manufacturing, distribution, and sale of Mielle Organics Rosemary Mint Scalp & Strengthening Hair Oil (the "Product").

2. The Product contains ingredients that cause and have caused hair loss in its users, including Plaintiff and those in the Proposed Class Members.

3. Defendants misrepresent that the Product are safe; Defendants have failed to disclose that the Product may cause hair loss in its users.

3. Defendants did not adequately disclose the risks in its Product of hair loss on the Product's labeling, advertising, marketing, or sale of the Products.

4. Plaintiff and proposed Class Members would not have purchased the Product, or would have paid substantially less for the Product, had Defendants disclosed that the Product contained ingredients that would cause hair loss if used.

5. As a manufacturer, distributor, and seller of cosmetics products, Defendants have a duty to ensure its Products did not contain ingredients that would cause hair loss in their consumers. Defendants made no reasonable effort to test its Product to ensure that the Product would not cause hair loss.

6. Defendant did not disclose to Plaintiff or proposed Class Members in any product advertising, labeling, packaging, or marketing that its Product carried risks of causing hair loss.

7. To the contrary, Defendants represented and warranted, expressly and impliedly, that the Product was safe and effective for their intended use, were of merchantable quality, and complied with federal and state law.

8. If Defendants had fulfilled their quality assurance obligations, Defendants would have identified the presence of ingredients in the Product that caused hair loss in its users.

9. If Defendants adequately tested its Products, it would have discovered the Product contained ingredients that cause hair loss, making the Product ineligible for distribution, marketing, and sale.

10. Accordingly, Defendants knowingly, or at least negligently, introduced a harmful and/or misbranded Product containing into the U.S. market.

11. When Plaintiff purchased Defendants' Product, Plaintiff did not know, and had no reason to know, that Defendants' Products were harmful and misbranded and thus unlawful to sell as set forth herein.

12. Plaintiff would not have purchased Defendants' Product at all had she known the Product contained ingredients causing hair loss or risked causing hair loss.

13. No reasonable consumer would have paid any amount for a cosmetic products that contained ingredients causing hair loss or containing a high risk of causing hair loss.

14. Thus, if Plaintiff and Class members had been informed that Defendants' Product contained ingredients causing hair loss or risked causing hair loss, they would not have purchased or used the Product at all, or would have paid significantly less for the Product, making such omitted facts material to them.

15. Plaintiff and Class members were injured by the full purchase price of the Product because the Product is worthless, as they contained ingredients causing hair loss or risked causing hair loss.

16. Further, Plaintiff and Class Members bargained for a Product free of free of ingredients causing hair loss or risked causing hair loss, and were deprived the basis of their bargain when Defendants manufactured and sold them the Product containing or at risk of containing ingredients causing hair loss or risked causing hair loss.

17. Had Defendants not misrepresented that the Product was safe and/or had Defendants not failed to disclose that the Product contained or were at risk of causing hair loss or risked causing hair loss, Plaintiff and Class Members would not have purchased the Product or would not have paid as much for the Product based on these misrepresentations or omissions.

18. Plaintiff and Class members are entitled to damages for the monies paid to purchase the Product, both economic and non-economic, statutory and punitive damages, attorneys' fees and costs, and injunctive relief.

19. Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for: (i) violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA") 815 ILCS 505/1, et seq.; (ii) fraud; (iii) unjust enrichment, and (iv) violations of the state consumer fraud acts.

**PARTIES**

20. Plaintiff Georgina Gomes is a resident of Stoughton, Massachusetts, and is a citizen of Massachusetts. Plaintiff purchased and used the Product for personal use.

21. When purchasing the Product, Plaintiff reviewed the accompanying labels and disclosures, and understood them as representations and warranties by Defendants that the Product were properly manufactured, free from defects, and safe for their intended use.

22. Plaintiff relied on these representations and warranties in deciding to purchase the Product manufactured and sold by Defendants, and these representations and warranties were part of the basis of the bargain, in that she would not have purchased the Product from Defendants if she had known that they were not, in fact, properly manufactured, free from defects, and safe for their intended use.

23. The Product Plaintiff purchased was in fact improperly manufactured, defective, and not safe for its intended use.

24. Plaintiff was injured in that she purchased the unsafe Product, causing her hair loss, and therefore the Product was worthless.

25. Plaintiff was deceived by Defendants' representations and omissions regarding the safety and utility of the Product.

26. Defendant Mielle is a Delaware limited liability company. Defendant Mielle manufactures, markets, and sells the Product throughout the State of Illinois and the United States, including in both retail establishments and online.

27. Defendant P&G is an Ohio corporation with its principal place of business located in Ohio. In 2023, Defendant P&G purchased Defendant Mielle and began to manufacture, market, and sell the Product throughout the State of Illinois and the United States, including in both retail establishments and online.

**JURISIDICTION AND VENUE**

28. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

29. This Court has personal jurisdiction over Defendants sell and market the Product in this District.

30. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Class Action claims occurred within this District, Defendants have marketed, advertised, and sold the Product in this District, and Defendants have caused harm to the Class members in this District.

## CLASS ACTION ALLEGATIONS

31. Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Product for personal or household use within any applicable limitations period (the "Class").

32. Plaintiff also seeks to represent a subclass of all Class Members who purchased the Products for personal or household use in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, or Washington within any applicable limitations period (the "Consumer Fraud Multi-State Subclass").[1]

---

[1] While discovery may alter the following, the states in the Consumer Fraud Multi-State Class are limited to those states with similar consumer fraud laws under the facts of this case: California (Cal. Bus. & Prof. Code § 17200, et seq.); Florida (Fla. Stat. § 501.201, et seq.); Illinois (815 Ill. Comp. Stat. 505/1, et seq.); Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.); Michigan (Mich. Comp.

33. The Class and Subclasses are collectively referred to as the "Classes."

34. Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Classes may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

35. Specifically excluded from the Classes are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or Defendants' officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

36. **Numerosity.** The members of the proposed Classes are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are thousands of individuals that are members of the proposed Classes. Although the precise number of proposed members are unknown to Plaintiff, the true number of members of the Classes are known by Defendants. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution and sales records of Defendants and third-party retailers and vendors.

37. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all members of the Classes, purchased the Product, which

---

Laws § 445.901, et seq.); Minnesota (Minn. Stat. § 325F.67, et seq.); Missouri (Mo. Rev. Stat. § 407.010, et seq.); New Jersey (N.J. Stat. § 56:8-1, et seq.); New York (N.Y. Gen. Bus. Law §§ 349 and 350); and Washington (Wash. Rev. Code § 19.86.010, et seq.).

were worthless due to their unsafe nature. The representative Plaintiff, like all members of the Classes, has been damaged by Defendants' misconduct in the very same way as the members of the Classes. Further, the factual bases of Defendants' misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

38. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendants knew or should have known the Product caused or were at risk of causing hair loss prior to selling them, thereby constituting fraud and/or fraudulent concealment;

(b) whether Defendants are liable to Plaintiff and the Classes for unjust enrichment;

(c) whether Defendants are liable to Plaintiff and the Classes for fraud;

(d) whether Plaintiff and the Classes have sustained monetary loss and the proper measure of that loss;

(e) whether Plaintiff and the Classes are entitled to declaratory and injunctive relief;

(f) whether Plaintiff and the Classes are entitled to restitution and disgorgement from Defendants; and

(g) whether the marketing, advertising, packaging, labeling, and other promotional materials for the Product are deceptive.

(h) whether the Product causes hair loss in its users.

39. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel who are highly experienced in consumer class action

litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that are antagonistic to those of the Classes.

40. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Classes are relatively small compared to the burden and expense of individual litigation of her claims against Defendants. It would, thus, be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

41. In the alternative, the Classes may be certified because:

(a) the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendants;

(b) the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede her ability to protect her interests; and/or

(c) Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I – Fraud - (On Behalf of Plaintiff and the Classes)

42. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

43. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

44. Defendants made fraudulent misrepresentations and omissions to Plaintiff and members of the Classes regarding the Product, specifically that the Products were safe for their intended use, and not harmful. Defendants also materially omitted facts from Plaintiff and members of the Classes, including that the Product in fact would cause hair loss or carried a significant risk that hair loss would occur.

45. Defendants had a duty to disclose material facts to Plaintiff and the Classes given that Plaintiff and the Classes were the intended users of the Product. Defendants also had a duty to disclose material facts to Plaintiff and the Classes, namely that it was in fact manufacturing, distributing, and selling harmful products unfit for human use, because Defendants had superior knowledge such that the transactions without the disclosure were rendered inherently unfair.

46. Defendants knew or should have known that the Product contained ingredients that would cause hair loss or carried a risk that the Product would cause hair loss, but continued to manufacture, distribute, and sell it nonetheless. During this time, Plaintiff and members of the

Classes were using the Products without knowledge that the Products contained dangerous levels of benzene.

47. Defendants failed to discharge their duty to disclose these material facts.

48. In so failing to disclose these material facts to Plaintiff and the Classes, Defendants intended to hide from Plaintiff and the Classes that they were purchasing and using the Product with harmful defects that were unsafe, and thus acted with scienter and/or an intent to defraud.

49. Plaintiff and the Classes reasonably relied on Defendants' failure to disclose insofar as they would not have purchased the defective Product manufactured and sold by Defendants had they known the Product was unsafe.

50. As a direct and proximate cause of Defendants' fraudulent concealment, Plaintiff and the Classes suffered damages in the amount of monies paid for the defective Product.

51. As a result of Defendants' willful and malicious conduct, punitive damages are warranted.

### COUNT II - Unjust Enrichment - (On Behalf of Plaintiff and the Classes)

52. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

53. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

54. Plaintiff and the Classes conferred a benefit on Defendants in the form of monies paid to purchase Defendants' defective Product.

55. Defendants voluntarily accepted and retained this benefit.

56. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for products unfit for safe use, it would be unjust and inequitable for Defendants to retain the benefit without paying the value thereof.

### COUNT III - Violation of State Consumer Fraud Acts

### (On Behalf of Plaintiff and the Consumer Fraud Multi-State Subclass)

57. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of the members of the Consumer Fraud Multi-State Subclass against Defendants.

59. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Subclass prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

60. Plaintiff and Consumer Fraud Multi-State Subclass Members have standing to pursue a cause of action for violation of the Consumer Fraud Acts of the states in the Consumer Fraud Multi-State Subclass because Plaintiff and Consumer Fraud Multi-State Subclass Members have suffered an injury in fact and lost money as a result of Defendants' actions set forth herein.

61. Defendants engaged in unfair conduct, including but not limited to selling the Product while knowing or while being on notice that the Product was unsafe.

62. Defendants engaged in deceptive conduct, including but not limited to misrepresenting that the Product did cause hair loss or did not risk causing hair loss.

63. Defendants intended that Plaintiff and Consumer Fraud Multi-State Subclass Members would rely upon its unfair and deceptive conduct and a reasonable person would in fact be misled by this deceptive conduct described above.

64. Given Defendants' position in the health and beauty market as an industry leader, Plaintiff and reasonable consumers trusted and relied on Defendants' representations and omissions regarding the safety of the Product.

65. As a result of Defendants' use or employment of unfair or deceptive acts or business practices, Plaintiff and Consumer Fraud Multi-State Subclass Members have sustained damages in an amount to be proven at trial.

66. In addition, Defendants' conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests, individually and on behalf of the alleged Classes, that the Court enter judgment in her favor and against Defendants as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the representative for the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes her reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

                                                                        s/ James M. Dore

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Avenue, #300
Chicago, IL. 60646
P: 773-415-4898
E: james@dorelawoffices.com; danschlade@gmail.com